DECKER *v.* SHAFFER.

Where *A.* owes *B.* and *B.* owes *C.*, in order to render *A.* liable to *C.* for *B.'s* debt, without a promise in writing, a mutual agreement of the parties must be proved that *B.* was to be released and *A.* was to pay *B.'s* debt to *C.*

ERROR to the *Whitley* Circuit Court.

PERKINS, J.—Assumpsit by *Shaffer* against *Decker*, administrator of *Shookman*, on an account of 50 dollars. The action was commenced before a justice of the peace, and was to recover a debt claimed to have been due from *Shookman*, in his lifetime. The cause went by appeal to the Circuit Court. Judgment was there given, on a trial by the Court in place of a jury, for the plaintiff. The evidence is upon the record, and is, in substance, as follows:

*Samuel Hurd* testified: *Shaffer* sold a mare to *Cuppy* and got his note. Shortly after, *Shookman* bought the same mare of *Cuppy* and promised him to pay his note to *Shaffer*. He and *Cuppy* came to the shop, and *Cuppy* delivered the mare to *Shookman*, and they spoke of the note *Shaffer* held on *Cuppy*, and *Shookman* then agreed to pay it. The promise was not in writing. Afterwards *Shookman* refused to do anything about it. *Cuppy* was insolvent.

*James S. Cullins* testified: He went to see *Shookman* in his lifetime. *Shookman* said he got the mare of *Cuppy* but would not pay him. He did not owe him. He intended to pay *Shaffer*.

The note given by *Cuppy* to *Shaffer* for the mare was in evidence; and on the foregoing proof the Court rendered judgment for *Shaffer*, for the amount of said note and interest.

The judgment cannot be upheld. The plaintiff below did not make out his case. He proved no indebtedness from *Shookman* to him. *Shookman* owed *Cuppy*, and *Cuppy* owed the plaintiff; and had there been proof that said plaintiff, *Cuppy*, and *Shookman*, met together and mutually agreed that said *Cuppy* was released from his

Nov. Term, 1851.

note to the plaintiff, and that said *Shookman* was, in consideration thereof, the debtor to that amount of said plaintiff, the judgment below would be right.   1 Chit. Pl. 16. Perhaps, the mutual agreement mentioned might have been consummated without a meeting of the three together; but such an agreement it was necessary to prove in this case.   Such an agreement cannot be inferred from the evidence.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*D. D. Pratt*, for the plaintiff.